

FILED
2018 Nov-29  PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. ) |
| VALERIE SKYE CHANDLER OWENS OWENS CONTRACTING, LLC, DONALD RAY OWENS, JR., and DONALD RAY OWENS, III, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, Indemnity Insurance Company of North America ("IICNA") for its complaint against defendants, states as follows:

### JURISDICTION AND VENUE

1.  IICNA is an insurance company incorporated in the state of Pennsylvania with its principal place of business in the state of Pennsylvania, and therefore it is a citizen of the state of Pennsylvania.

2.  Donald Ray Owens, Jr. ("Don Owens"), has his principal residence at 15949 Highway 84 in Evergreen, Alabama, and is a citizen of the state of Alabama.

3.  Don Owens is the twenty-nine percent (29%) owner of Owens Contracting, LLC.

4.  Sharon L. Owens has her principal residence at 15949 Highway 84 in Evergreen, Alabama, and is a citizen of the state of Alabama.

5.  Sharon L. Owens is the fifty-one percent (51%) owner of Owens Contracting, LLC.

6. Donald Ray Owens, III ("Dray Owens") has his principal residence at 1000 Kingston Drive, Sylacauga, Alabama, and is a citizen of the state of Alabama.

7. Dray Owens is the twenty percent (20%) owner of Owens Contracting, LLC.

8. Valerie Skye Chandler Owens is the spouse of Dray Owens and has her principal residence at 1000 Kingston Drive, Sylacauga, Alabama, and is a citizen of the state of Alabama.

9. Valerie Skye Chandler Owens asserted that she had no interest in Owens Contracting, LLC or any participation in any logging business or any participation in the procurement of an insurance policy which is the subject matter of this complaint, but the applications for the policy of insurance which is the subject of this complaint were taken out in her first and middle name and she was identified as an owner during the investigation, and may be a necessary party.

10. Owens Contracting, LLC, is a limited liability company created and existing under the laws of the State of Alabama, and its three members, Don Owens, Dray Owens, and Sharon Owens are all citizens of the State of Alabama.

11. The transactions and/or occurrences which gave rise to the controversy occurred in Alabama.

12. This court has original jurisdiction pursuant to § 1332(a) of Title 28 of the United States Code (28 U.S.C. § 1332(a)) as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### COUNT I
### (Rescission)
### (Misrepresentation — Inducement)

1. Owens Contracting, LLC, owned certain equipment used for logging.

2. Plaintiff is and was an insurer issuing policies to, among others, logging companies in the State of Alabama.

3. Owens Contracting, LLC, was previously insured with plaintiff, but that insurance was cancelled due to loss experience.

4. On or about March 5 or 6, 2015, Don Owens, acting on behalf of himself, Dray Owens, and Owens Contracting, LLC, applied for and later obtained insurance from plaintiff for logging equipment owned by Owens Contracting, LLC.  A true and correct copy of the policy is attached as Exhibit A and incorporated by reference.  On or about March 7, 2016, Don Owens, acting on behalf of himself, Dray Owens, and Owens Contracting, LLC, renewed the insurance.  A true and correct copy of the application for insurance is attached as Exhibit B and the renewal application is attached as Exhibit C to this complaint and incorporated by this reference.

5. Defendants fraudulently induced plaintiff into issuing the policy by misrepresenting or concealing the following material facts:

    (a) misrepresented that the applicant was "Valerie Skye" when no such person or entity existed;

    (b) concealed that the owner of the equipment that was being insured under the policy and listed in the policy application was Owens Contracting, LLC, and not a person or entity known as "Valerie Skye" or "Skye, Valerie;"

    (c) concealed the owner of the equipment's loss experience and misrepresented that the company had no loss experience;

    (d) misrepresented the number of years the company was in operation. and concealed the true number of years that the company had been in operation; and

    (e) concealed that the company that owned the equipment to be insured had prior cancelations and, in fact, that the insurer to which they were applying for insurance cancelled the insurance policy issued to the owner due to loss experience.

6. Had plaintiff been provided the accurate information, it would not have issued a policy under the name of "Valerie Skye" and would not have issued a policy of insurance to insure any equipment owned by Owens Contracting, LLC.

7. As a result of the issuance of the policy, claims were made under the policy totaling Two Hundred Thirty-Four Thousand Eight Hundred Dollars ($234,800.00) and plaintiff paid those claims. Plaintiff would not have paid these claims were it not for the misrepresentations and fraudulent inducement set forth above. IICNA obtained salvage value on one of the claims in the amount of Five Hundred Fifty-Nine Dollars and Forty Cents ($559.40). Premiums of Twenty-Nine Thousand Nine Hundred Thirty-Three Dollars ($29,933.00) were paid for the policy. Plaintiff is therefore entitled to Two Hundred Four Thousand Two Hundred Sixty-Seven Dollars and Sixty Cents ($204,267.60), from defendants Don Owens and Owens Contracting, LLC, the amount that would place plaintiff in the same position had it never issued the policy.

8. A real and existing controversy exists among and between the parties as multiple claims have been submitted under the policy, and one is currently pending, and counsel for Don Owens, Dray Owens, and Owens Contracting, LLC, has demanded payment under the policy of insurance for an alleged loss suffered by Owens Contracting, LLC, to a piece of equipment it owned.

WHEREFORE, plaintiff, IICNA requests the court to enter a judgment declaring:

(a) That the policy of insurance was void from its inception;

(b) That IICNA owes no duty to defendants under the policy of insurance;

(c) That judgment be entered in favor of IICNA and against defendants Don Owens, Dray Owens, and Owens Contracting, LLC in the amount of Two Hundred Four Thousand Two Hundred Sixty-Seven Dollars and Sixty Cents ($204,267.60), plus interest and costs of suit;

(d) Such other and further relief as the court deems just; and

(e) That IICNA is entitled to costs of suit, including any fees to which it may be equitably entitled that have been incurred in connection with the investigation of the claim and prosecution of this action.

## COUNT II
### (Declaratory Relief)
### (No Coverage)

In the alternative to the relief sought in Count I, plaintiff states:

1. Plaintiff issued a policy of insurance to "Valerie Skye." A true and correct copy of the policy is attached as Exhibit A to this complaint.

2. Plaintiff cancelled the insurance policy due to loss experience and issued a notice of cancellation to the named insured at the address of Defendants Valerie Skye Chandler Owens and Dray Owens. A true and correct copy of the notice of cancellation is attached as Exhibit D to this complaint. A true and correct copy of the cancellation is attached as Exhibit E to this complaint.

3. On or about November 5, 2016, a claim was made under the policy of insurance for the alleged theft of a John Deere cutter.

4. The policy was cancelled effective October 7, 2017.

5. If the policy is not rescinded, the parties have a real and existing controversy concerning the date of the alleged loss and whether a loss covered under the policy occurred before cancellation.

6. The loss, if a loss occurred at all, occurred after October 7, 2017.

WHEREFORE, plaintiff, IICNA, in the alternative to the request that the policy be rescinded, requests the court to enter a judgment declaring that plaintiff owes no duty to any of the defendants as no covered loss occurred under the policy within the period of coverage.

## COUNT III
### (Misrepresentation and Concealment During the Claim Investigation)

In the alternative to the relief sought in Counts I and II, plaintiff states:

1. Plaintiff issued a policy of insurance to "Valerie Skye." A true and correct copy of the policy is attached as Exhibit A to this complaint.

2. On or about November 5, 2016, a claim was made under the policy of insurance for the alleged theft of a John Deere cutter.

3. The policy provides in pertinent part:

**DEFINITIONS**

1. The words "you" and "your" mean the persons or organizations named as the insured on the declarations.

. . .

**OTHER CONDITIONS**

. . .

**5. Misrepresentation, Concealment, Or Fraud** – This coverage is void as to "you" and any other insured if, before or after a loss:

    a. "you" or any other insured have willfully concealed or misrepresented:

        1) a material fact or circumstance that relates to this insurance or the subject thereof; or

        2) "your" interest herein.

    b. there has been fraud or false swearing by "you" or any other insured with regard to a matter that relates to this insurance or the subject thereof.

(Exhibit A - AAIS IM 7001 04 04 Pages 1, 10 of 11).

4. If the owner of the equipment, Owens Contracting, LLC, is entitled to coverage under the policy of insurance, a proposition which plaintiff denies, then Owens Contracting, LLC, has breached the policy of insurance by willfully concealing and mispresenting material facts and circumstances concerning the identity of the logging company, the owner of the

equipment for which losses were claimed, the company's prior loss experience, the company's number of years in operation, and prior cancellations of policies obtained by the company that owned the equipment.

5. Additionally, Dray Owens misrepresented the following facts and circumstances:

    (a) That the business "Valerie Skye" was "in her name" and that the business was "hers;"

    (b) The date on which he discovered the alleged loss;

    (c) His interactions with Seth Landers when he supposedly dropped off the company's Freightliner for repair;

    (d) The availability of logging work after October 1, 2016;

    (e) The legitimacy of the text messages he supposedly exchanged with Don Owens, Jr.

6. Further, Don Owens, Jr. misrepresented and concealed:

    (a) That he worked for "Valerie Skye;"

    (b) The date on which the loss supposedly occurred; and

    (c) The legitimacy of the text messages he supposedly exchanged with Don ("Dray") Owens, III.

7. Don and Dray Owens were acting on behalf of Owens Contracting, LLC, and if Owens Contracting, LLC, could be entitled to coverage under the policy, no coverage is afforded under the policy because Don Owens and Dray Owens were acting on its behalf when willfully concealing and misrepresenting material information during the claim investigation.

WHEREFORE, plaintiff, IICNA, requests the court to enter a judgment declaring:

(a) That Owens Contracting, LLC, made material misrepresentations of fact that void coverage under the policy;

(b) That Don Owens misrepresented and concealed material facts when acting on behalf of Owens Contracting, LLC, and that his misrepresentations void coverage under the policy;

    (c)    That Dray Owens misrepresented and concealed material facts when acting on behalf of Owens Contracting, LLC, and that his misrepresentations void coverage under the policy;

    (d)    Such other and further relief as the court deems just; and

    (e)    That IICNA is entitled to costs of suit.

## COUNT IV
### (Failure to Produce)

In the alternative to the relief sought in Counts I, II, and III, plaintiff states:

1. Plaintiff issued a policy of insurance to "Valerie Skye." A true and correct copy of the policy is attached as Exhibit A to this complaint.

2. Plaintiff cancelled the insurance policy due to loss experience and issued a notice of cancellation to the named insured at the address of Defendants Valerie Skye Chandler Owens and Dray Owens. A true and correct copy of the notice is attached as Exhibit D to this complaint. A true and correct copy of the cancellation is attached as Exhibit E to this complaint.

3. On or about November 5, 2016, a claim was made under the policy of insurance for the alleged theft of a John Deere cutter.

4. The policy provides in pertinent part:

> **WHAT MUST BE DONE IN CASE OF LOSS**
>
> . . .
>
> **5. Records –** "You" must produce records, including tax returns and bank microfilms of all cancelled checks relating to value, loss, and expense and permit copies and extracts to be made of them as often as "we" reasonably request.

(Exhibit A - AAIS IM 7001 04 04 Page 7 of 11).

5. During the claim process, IICNA demanded that the following documents be produced:

    (a)    Checking account records for Don Owens, Jr. for 2016;

    (b)    Checking account records for Don ("Dray") Owens, III for 2016;

    (c)    Detailed billings records for Don Owens, Jr.'s cellular telephone usage for October 2016, including data usage;

    (d)    Detailed billing records for Don ("Dray") Owens, III's cellular telephone use for October 2016, including data usage; and

    (e)    Purchase receipts or other documentation of the purchase of the compressor Don ("Dray") Owens, III claimed to have used to fix the 2004 Freightliner.

6.    Despite repeated requests, defendants failed to produce the requested documents.

7.    By failing to produce the documents, defendants, if the policy is enforceable, breached the terms of the contract.

WHEREFORE, plaintiff IICNA requests that the court enter a judgment declaring:

(a)    That the insureds under the policy breached the contract by failing to produce the requested documents, therefore voiding any coverage for the most recent claim;

(b)    Such other and further relief as the court deems just; and

(c)    That IICNA is entitled to costs of suit.

    Respectfully submitted,

    BUTLER WEIHMULLER KATZ CRAIG LLP

    *[signature]*

    MICHAEL A. MONTGOMERY, ESQ. (MONTM9362)
    mmontgomery@butler.legal
    Secondary:    tmarksman@butler.legal
                    lterry@butler.legal
    P.O. Box 850368
    Mobile, AL  36685-0368
    Mail Center:    400 N. Ashley Drive, Suite 2300
                     Tampa, Florida  33602
    Telephone:    (251) 338-3801
    Facsimile:    (251) 338-3805
    *Attorneys for Plaintiff*